**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACQUELINE DEL SOCORRO CRUZ-BALTODANO; ORLANDO EXALON GONZALEZ-CRUZ, | No. 08-71853 |
| Petitioners, | Agency Nos. A077-891-414 A097-311-305 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011**

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Jacqueline del Socorro Cruz-Baltodano and Orlando Exalon Gonzalez-Cruz,

natives and citizens of Nicaragua, petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's

_____

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\**     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

decisions denying their application for asylum and withholding of removal and motion to terminate proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *See Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's finding that petitioners failed to establish the government was unable or unwilling to protect Cruz-Baltodano from her partner's abuse because she did not report any of the incidents of abuse and did not establish that reporting the incidents would have been futile or subjected her to further abuse. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005); *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006) (reporting persecution to authorities not required if applicant "can convincingly establish that doing so would have been futile or have subjected him to further abuse"). Accordingly, petitioners' asylum and withholding of removal claims fail.

Further, the agency did not err in denying petitioners' motion to terminate proceedings because petitioners have failed to show prejudice from any defect in the Notices to Appear ("NTA") that were filed with the immigration court or served on them. *See Kohli v. Gonzales*, 473 F.3d 1061, 1068-69 (9th Cir. 2007) (alleged defect in NTA was not prejudicial where petitioner did not show it

"obscured the charges against her or obstructed her ability to respond to the charges and present her requests for asylum and other relief"). We lack jurisdiction to review petitioners' due process contention because they failed to raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3rd 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**